UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keiara Palmer,

                Plaintiff,        Case No. 25-cv-11109

v.                                   Judith E. Levy
                                    United States District Judge
United States,
                                    Mag. Judge Anthony P. Patti
                Defendant.

_____/

**ORDER DISMISSING CASE FOR
<u>LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff Keiara Palmer brings this action against Defendant United States. (ECF No. 1.) Plaintiff is self-represented. On November 4, 2025, the Court issued an order for Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 11.) The order noted that "[t]he information in Plaintiff's complaint is insufficient to show that subject matter jurisdiction exists." (*Id.* at PageID.28.) The order required Plaintiff "to show cause, in writing, why this case should not be dismissed for lack of

subject matter jurisdiction." (*Id.* at PageID.31.) The order specified that the deadline for Plaintiff to respond was December 4, 2025. (*Id.*)

On December 4, 2025, Plaintiff responded to the Court's show cause order. (ECF No. 13.) Plaintiff submitted a thoughtful letter about the loss of her husband due to Covid. The letter, however, does not demonstrate that the case should not be dismissed for lack of subject matter jurisdiction. As a result, Plaintiff's letter does not satisfy the show cause order.

Under Federal Rule of Civil Procedure Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The "objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see also Prime Rate Premium Finance Corp., Inc. v. Larson*, 930 F.3d 759, 764–65 (6th Cir. 2019); *Beanstalk Innovation, Inc. v. SRG Tech., LLC*, 823 F. App'x 404, 408 (6th Cir. 2020). In the Sixth Circuit, "a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for

2

preclusive purposes." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004). Instead, when a dismissal is "jurisdictional in nature," it is "without prejudice." *Id.* at 523.

As set forth in the Court's order to show cause entered on November 4, 2025, the information in Plaintiff's complaint does not establish that subject matter jurisdiction exists. (ECF No. 11.) Plaintiff does not show otherwise in her response to the show cause order. (ECF No. 13.) Accordingly, the case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction under Rule 12(h)(3).

IT IS SO ORDERED.

Dated: December 5, 2025         s/Judith E. Levy
   Ann Arbor, Michigan         JUDITH E. LEVY
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2025.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager